## Palmer *versus* Wilkinson.

1. In a scire facias on recognisance of bail in an appeal from an award of arbitrators, under "*nul tiel record*," the defendant cannot set up that the costs of the suit were not paid when the appeal was taken.

2. This plea puts in issue only the existence of the record recited in the writ.

3. When the non-payment of costs on appeal is by the exclusive fault of the prothonotary in withholding a knowledge of part of them, the payment of the omitted part may be enforced by attachment.

4. If no objection be made to the irregularity of the appeal and the appellant secures another trial, it is too late for him or his surety to interpose that to a recovery on the recognisance.

March — 1873. Before READ, C. J., AGNEW, SHARSWOOD, and MERCUR, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Bucks county :* No. 250, to January Term 1873.

This was a scire facias sur recognisance of bail, brought to December Term 1870 of the court below, by Edward Palmer against Daniel B. Emerick and James M. Wilkinson. Emerick was not summoned, and as to him the suit was discontinued.

To December Term 1867, Palmer had brought an action of assumpsit against Emerick ; the suit was arbitrated and an award made, February 8th 1868, for the plaintiff for $117.16. The record showed that the docket costs were $15.50, and the plaintiff's bill of costs $31.76. On the 28th of February the defendant Emerick paid the docket costs $15.50, and appealed and entered into recognisance in $100 with James M. Wilkinson as his surety. The case was tried on the appeal and a verdict was found for the plaintiff for $160.69.

[Palmer *v.* Wilkinson.]

The scire facias was afterwards issued; it also was arbitrated, and an award found for the plaintiff; the defendant Wilkinson appealed and pleaded " Nul tiel record."

There were eight reasons alleged for sustaining the plea.

The 6th was : " The recognisance was illegal, as was the appeal, because the former was taken and the latter entered without the payment of accrued costs."

The court held all the other reasons insufficient, but for the 6th sustained the plea and entered judgment on it for defendant, Ross, P. J. saying :—

" It appears from the record that but a portion of the accrued costs, taxed at the time of appeal, were paid when the appeal was entered, and that the residue were left unpaid, and are unpaid at this date. The appeal therefore was never legally taken. It is a condition precedent to an appeal that the accrued costs should be paid in cash : Ellison *v.* Buckley, 6 Wright 281. This was not done. The appeal was in law not perfected. It fails; and the recognisance, one of its incidents, is void. This is an insuperable difficulty; it appears upon an inspection of the record, and sustains the plea of nul tiel record."

The plaintiff took a writ of error and assigned for error the entering of judgment for the defendant.

*L. B. Thompson*, for plaintiff in error.—The plea put nothing in issue but the recognisance : Cooper *v.* Gray, 10 Watts 442 ; Burkholder *v.* Keller, 2 Barr 51.

*H. Yerkes*, for defendant in error.—There was no appeal taken from the award, because the costs were not paid and therefore the recognisance a part of the record is void ; to a void record " Nul tiel record," is a good plea : Donley *v.* Brownlee, 7 Barr 109 ; Miller *v.* Fees, 2 Penna. L. J. R. 242 ; Hull *v.* Russell, 4 Id. 129.

The opinion of the court was delivered, May 17th 1873, by
MERCUR, J.—This was a sci. fa. sur recognisance. The plaintiff pleaded nul tiel record, and assigned eight reasons therefor. The court sustained the sixth reason, and entered judgment in favor of the defendant. A prior suit had been pending between the plaintiff and one Emerick, in which the plaintiff obtained an award before arbitrators. Upon the twentieth day thereafter Emerick paid to the prothonotary all the costs except the plaintiff's bill, appealed from the award, and with Wilkinson, the present defendant, entered into a recognisance. That case was subsequently tried, and the plaintiff recovered a verdict and judgment for a larger sum than the award. Thereupon the plaintiff issued this sci. fa. upon the recognisance.

The ground upon which the court sustained the plea was, " that

[Palmer *v.* Wilkinson.]

the recognisance was illegal, as was the appeal; because the former was taken, and the latter entered, without the payment of accrued costs."

It is true one of the requirements of the statute to perfect an appeal from the award of arbitrators is that all the costs that may have accrued in the suit shall be paid. This fact, however, cannot be inquired into under the plea of *nul tiel record.* The writ of scire facias is not set forth in the paper-book, yet it is no part of the writ to recite the amount of costs that had accrued prior to the appeal, nor to aver anything in regard to their payment or non-payment. This plea merely puts in issue the existence of the record as recited in the writ, and therefore is proper only where there is either no record at all, or one different from that upon which the plaintiff has declared: 1 Chit. Plead. 485; Burkholder *v.* Keller, 2 Barr 51. The non-payment of a part of the costs was not admissible in evidence under the pleadings. It did not contradict the existence of the record as recited, nor that it differed therefrom. This plea puts in issue nothing but the recognisance, the rest being merely inducement; and if the variance is material it should be specially pleaded: Cooper *v.* Gray, 10 Watts 442.

When the taxed costs have not all been paid, through the fault or negligence of the party appealing, the appeal may be stricken off upon the application of the opposite party; but where their non-payment is caused by the exclusive fault of the officer in withholding the knowledge of the existence of a portion of them, the payment of the omitted portion should be enforced by attachment: Fraley *v.* Nelson, 5 S. & R. 234; Carr *v.* McGovern, 16 P. F. Smith 457.

If, however, no objection is made to the irregularity of the appeal, and the party appealing effects his object by securing another trial, it is then too late for him or his surety to interpose such an irregularity as a bar to a recovery upon the forfeited recognisance.

The ground of which the learned judge predicated his action being untenable, and being unable to discover in the other reasons assigned to sustain the plea any cause to sustain the judgment, it must be reversed.

> Judgment reversed, and judgment is entered in favor of the plaintiff.